CAROLINE BRUEGGEMANN

*v.*

GEORGE L. BRUEGGEMANN *et al.*

*Announced orally June 7, 1905.*

APPEALS AND ERRORS—*when less than $1000 is involved.* Less than $1000 is involved where the only controversy in a proceeding by the assignee of an insurance policy to enjoin payment to the assignor of the tontine dividends, amounting to $527, is over the ownership of such dividends, even though the paid-up policy to be issued is for $2000, and the amount of premiums paid by the assignee, together with the indebtedness secured by the assignment of the policy, exceeds $1000.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. A. W. HOPE, Judge, presiding.

LEVI DAVIS, for appellant.

JOHN J. BRENHOLT, for appellee.

Mr. JUSTICE BOGGS announced the opinion of the court:

This is a motion to dismiss the appeal for want of jurisdiction. It is said there is less than $1000 involved. The appeal is from the Appellate Court for the Fourth District. The appellant, Caroline Brueggemann, was the complainant in a bill in chancery filed in the circuit court of Madison

county against George L. Brueggemann, her son, and against the New York Life Insurance Company. The life insurance company had issued a policy on the life of George L. Brueggemann in the sum of $2000. The policy was issued in 1884, upon a plan of insurance which required the payment of premiums for the term of twenty years. At the end of that time the policy allowed certain dividends, called tontine dividends. These were to be paid in cash, and a paid-up life insurance policy in the sum of $2000 was to be issued on the life of George L. Brueggemann, the insured. George L. Brueggemann paid premiums on the policy until 1891. He then became unable to pay the premiums further, and an arrangement was made between himself and his mother by which the mother received an assignment of the policy, and she paid the premiums from that time. The tontine dividends amount to $527, and the bill asked that payment thereof to the son be enjoined. The parties differ as to what the terms of the agreement were, under which the mother, Caroline, began the payment of premiums and received this assignment of the policy. The son contended that the mother was to have, at the end of the twenty-year period, the paid-up policy on his life in the sum of $2000, and that he was to have the tontine dividends which would then become due. The mother contended the son was indebted to her in the sum of $600 at the time, in 1891, when she began the payment of premiums for him and when she received the assignment of the policy, and that she was to have the entire policy, including the tontine premium and the paid-up policy.

The difference, it will be observed, was as to which of them should be entitled to the tontine dividends. They agreed as to the ownership of the paid-up life policy. The mother claimed that to be hers, and this the son conceded. The son insisted that he was to have the tontine dividends, and the mother insisted that such payments belonged to her. That was all the difference between them. While the policy exceeded the sum of $2000, and while the premiums paid by

the mother, together with the indebtedness she claimed was due to her in 1891, would exceed $1000, still the only controversy was as to the ownership of the tontine dividends, which did not exceed $600. There is, therefore, involved in the case only the amount of the tontine payment, which was less than $1000. No certificate of importance was granted by the Appellate Court for the Fourth District. This court is therefore without jurisdiction to entertain the appeal. For that reason it is dismissed.                    *Appeal dismissed.*